**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONNA BURNETTE** <br> 1940 Tonawanda Ave. <br> Akron, OH 44305 <br><br>          Plaintiff, <br><br>  -vs- <br><br> **ROBERT WILKIE, ACTING** <br> **SECRETARY OF VETERANS** <br> **AFFAIRS** <br> Office of General Counsel (024) <br> 810 Vermont Ave, NW <br> Washington, DC 20420 <br><br>          Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br> **JURY DEMAND ENCLOSED** <br> **HEREON** |

Now comes Plaintiff, Donna Burnette, who by and through her undersigned counsel, and for her Complaint, alleges and avers as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343, as it is an action seeking redress under the laws and statutes of the United States of America for deprivations of rights secured by the Constitution and laws of the United States.

2. This Court has jurisdiction over the Plaintiff's claims arising under the Constitution and laws of the State of Ohio pursuant to 28 U.S.C. §1367(a), as such claims are part of the same case or controversy as those giving rise to the claims over which this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

3. Venue herein is proper under 28 Section 1391(b) and 42 USC Section 2000e-5(f)(3). The Defendant is Robert Wilkie, in his official capacity as Secretary of the Department of Veterans Affairs of the United States of America, doing business as the Louis Stokes Cleveland Medical

Center and Parma Community Based Outpatient Clinic, with the alleged unlawful employment practice committed within its confines.

## PARTIES

4. Plaintiff, DONNA BURNETTE, is an individual over the age of 18 years who, at all times relevant hereto, resided in the City of Akron, County of Summit, State of Ohio.

5. Defendant, ROBERT WILKIE, is Secretary of the Department of Veterans Affairs of the Government of the United States, existing under the laws of the United States of America. At all times pertinent hereto, Defendant Robert Wilkie, or his predecessors, acting as Secretary of the Department of Veterans Affairs, is an employer subject to 42 USC Section 2000e et seq., and has more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## FACTUAL HISTORY

6. Plaintiff realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

7. Ms. Burnette was hired by Defendant in September 1990 as a Pharmacy Technician.

8. Ms. Burnette worked for Defendant continuously from her hire date until her forced retirement of May 19, 2017.

9. Most recently, she had worked as a Procurement/Controlled Substance Technician at the VA Health Care System in Cleveland, OH, specifically the Parma Community Based Outpatient Clinic ("CBOC"), and as a Filling Technician at the CBOC in Akron, OH.

10. Ms. Burnette had filed multiple EEO complaints against Defendant during her employment. Prior to the events giving rise to this action, the most recent claim was filed in 2012.

11. At all times relevant hereto, Ms. Burnette was the only African-American woman working at Defendant's Cleveland/Parma location.

12. During the year 2013, Defendant began to subject Ms. Burnette to a series of unfair, harassing, and discriminatory acts because of her race, which ultimately resulted in her forced retirement.

13. Around August 2013, one of Ms. Burnette's co-workers accused her of incorrectly filling a prescription machine, yelled at her, grabbed a prescription bottle out of her hand, and threatened her.

14. In October 2013, Ms. Burnette wrote to Susan Feuhrer, Director of the Cleveland Medical Center, complaining of the August 2013 incident between Ms. Burnette and her co-worker.

15. Ms. Burnette's co-worker was never disciplined following that altercation.

16. In September 2013, a Clinical Pharmacist requested that Ms. Burnette assist at the pharmacy window—a duty Ms. Burnette believed was outside the scope of her job responsibilities, because she had previously been told by her supervisor, Joe Severinsky, that she was not to work at the window unless co-workers were at lunch or on break.

17. Following her co-worker's request, Ms. Burnette spoke with Mr. Severinsky on the phone and he informed her that she was to help out at the pharmacy window.

18. Ms. Burnette then worked at the pharmacy window as requested.

19. On February 21, 2014, Ms. Burnette was issued notice of a suspension for failing to assist in the pharmacy.

20. Around April 24, 2014 around 8:00 a.m., Ms. Burnette called Mr. Severinsky to request off from work for personal reasons.

21. Mr. Severinsky denied her leave request, and when she did not come into work that day Mr. Severinsky coded her time as 8-hours of AWOL.

22. Ms. Burnette continued to have problems with her coworkers and supervisor throughout her employment at Defendant's Parma/Cleveland location, including, but not limited to: harassment by coworkers and supervisors that was reported by Ms. Burnette and improperly handled by management, as well as improper and unwarranted discipline.

23. Upon information and belief, and at all times relevant hereto, Ms. Burnette was treated differently than similarly situated employees outside of her protected class.

24. Due to Defendant's above-outlined harassing and discriminatory conduct, on January 10, 2017, Ms. Burnette requested a voluntary pay reduction and transfer to Defendant's CBOC in Akron, where she worked as a Filling Technician.

25. Ms. Burnette reported to Defendant's Akron CBOC on January 21, 2017, and had no significant employment issues while working at the Akron facility.

26. Nonetheless, on May 5, 2017, Defendant issued Ms. Burnette a final removal letter.

27. On May 10, 2017, Ms. Burnette met with management to discuss the removal letter.

28. Based on those discussions, as well as her prior treatment by Defendant and its employees, Ms. Burnette felt she had no choice but to retire from her employment with Defendant, which she did, effective May 19, 2017.

## ADMINISTRATIVE PREREQUISITES

29. Plaintiff has complied with all the administrative prerequisites to action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

   A. Following the events complained of herein, Plaintiff timely filed a formal charge of race discrimination and retaliation with the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication (Agency Case No. 200H-0541-2014102509).

B. Plaintiff fully cooperated in the Agency's investigation.

C. Plaintiff timely appealed the agency's final decision to the Equal Employment Opportunity, and a hearing was held on February 6, 2018 (EEOC Case No. 532-2015-00018X).

D. The EEOC issued an Order Entering Judgment on March 19, 2018, and on April 23, 2018, the Agency issued a Final Order accepting and fully implementing the decision of the EEOC administrative judge. A copy of that Final Order is attached hereto as Plaintiff's Exhibit A.

**<u>FIRST CLAIM</u>**
**<u>TITLE VII—RACE DISCRIMINATION</u>**

30. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

31. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based in whole, or in part, upon an employee's race.

32. Plaintiff is an African-American female, and during her employment with Defendant was a member of a protected class under Title VII against race-based discrimination by her employer.

33. At all times relevant to this action Plaintiff fully, adequately, and completely performed all of the functions, duties, and responsibilities of her employment with Defendant.

34. During her employment with Defendant, Plaintiff was consistently subjected to workplace harassment due to her race, including but not limited to: harassing comments and behavior directed at Plaintiff by co-workers and supervisors, as well as unfair and inequitable discipline.

35. As a result of Defendant's previously outlined discriminatory treatment and harassment of Plaintiff, and/or its acquiescence of such behavior, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities and subjected to a hostile work environment because of her race.

36. As a result of Defendant's above stated action, Plaintiff also suffered, and continues to suffer from increased stress, anxiety, loss of confidence, and mental distress.

## SECOND CLAIM
## RETALIATION FOR OPPOSING DISCRIMINATION

37. Plaintiff realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

38. During her employment with Defendant, Plaintiff, on multiple occasions, criticized and raised questions about the lawfulness and propriety of Defendant's equal employment opportunity (EEO) policies and practices.

39. Prior to the events complained of herein, Plaintiff filed a formal EEO complaint as recently as 2012, and had complained to the Director of the Cleveland Medical Center as recently as October 2013.

40. Subsequent to Plaintiff's engagement in the activity described in the preceding paragraphs, Plaintiff was, among other things, harassed and discriminated against by her coworkers and supervisors, subjected to a hostile work environment, and unfairly and/or inequitably disciplined.

41. Defendant's above-mentioned actions constituted retaliation against Plaintiff for having opposed an unlawful employment practice, in violation of Title VII at 42 U.S.C.A. § 2000e-3(a).

## PRAYER FOR RELIEF

42. WHEREFORE, Plaintiff, Donna Burnette, requests judgment and damages against Defendant, Robert Wilkie, acting Secretary of the Department of Veterans Affairs, as follows:

   a. A declaratory judgment that Defendant has violated Plaintiff's right to be free from racial discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.;

   b. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits, and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

   c. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

   d. An award for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended;

   e. An award to Plaintiff of interest on any awards at the highest rate allowed by law;

   f. An award of punitive damages for the malicious and discriminatory actions of the Defendant; and

   g. Such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,


*/s/ Robert A. Pecchio*
Robert A. Pecchio (0025282)
Kevin C. Urtz (0096100)
**THE PECCHIO LAW FIRM**
2305 East Aurora Road, Ste. A-1
Twinsburg, Ohio 44087
330-963-6600 (p); 330-963-6650 (f)
rpecchio@pecchiolawfirm.com
kurtz@pecchiolawfirm.com

*Attorneys for Plaintiff*


## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands trial by jury for all claims herein plead.


Respectfully Submitted,


*/s/ Robert A. Pecchio*
Robert A. Pecchio (0025282)
Kevin C. Urtz (0096100)

*Attorneys for Plaintiff*